UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00167-FDW-DCK

| | |
|---|---|
| NATALIE NICHOLSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| MECKLENBURG COUNTY, ) | |
| ) | |
| Defendant. ) | |

THIS MATTER is before the Court on Defendant's Motion to Dismiss (Doc. No. 4) Plaintiff's Amended Complaint (Doc. No. 1-2), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim upon which relief can be granted. Plaintiff responded in timely manner (Doc. No. 8), and Defendant then replied to Plaintiff's Response (Doc. No. 10). For the reasons stated below, the Court **GRANTS** Defendant's Motion to Dismiss Counts III, IV, and VI, and **DENIES** Defendant's Motion to Dismiss Counts I, II, and V of Plaintiff's Amended Complaint without prejudice.

**I. BACKGROUND**

According to the Amended Complaint,[1] Plaintiff Natalie Nicholson is a citizen and resident of Mecklenburg County, North Carolina. (Doc. No. 1-2, p. 3). Defendant Mecklenburg County is a public entity existing and operating in the state of North Carolina. Id. Plaintiff seeks declaratory, injunctive, and equitable relief and monetary damages. Id. The Complaint alleges

---
[1] The Court reads the factual allegations in the light most favorable to Plaintiff. Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989).

1

Defendant hired Plaintiff as a nurse around September 2006. Id. According to the Complaint, in March 2012, Defendant offered Plaintiff a part-time Coordinator position with the Breast and Cervical Cancer Control Program Coordinator and the Wise Woman Project (BCCCP Coordinator), which Plaintiff accepted; in December 2012, Plaintiff accepted a full-time BCCCP Coordinator position and began working with another BCCCP Coordinator ("the co-worker"). Id. Sometime around late 2013, Plaintiff reported to management that: (1) patient data she had gathered to submit to state governing agencies disappeared, and (2) the co-worker had been failing to complete and submit important data forms to state governing agencies. Id. The Amended Complaint asserts that an investigation revealed that the co-worker had hidden multiple patient data forms in her office and had failed to properly report and submit over seven years of data to state governing agencies, which allegedly forced Defendant to return in excess of $250,000 to the state governing body. (Doc. No. 1-2, p. 4). Plaintiff contends that as a result of reporting the co-worker's conduct, Plaintiff received negative annual reviews for 2014-2015 and 2015-2016 years. (Doc. No. 1-2, p. 4, 5). Plaintiff further alleges management isolated Plaintiff in an offsite location with limited resources, support staff, and an increased workload. (Doc. No. 1-2, p. 5). Plaintiff contends management failed to act after having heard Plaintiff's complaints and asserts that the she was forced to resign in lieu of termination because she complained to county management about the co-worker's performance. (Doc. No. 1-2, p. 6-7).

## II. ANALYSIS

Plaintiff asserts the following causes of action: (1) 42 U.S.C. § 1983 (Retaliation for Exercise of First Amendment Rights); (2) N.C. Gen, Stat. 126-84 (Whistleblower Claim Act); (3) Negligent Infliction of Emotional Distress; (4) Tortious Interference With a Contract; (5) Violation

of Article I Sections 1, 14, and 19 of the North Carolina Constitution[2]; and (6) Negligent Supervision. (Doc. No. 1-2). Defendant argues for dismissal of the Complaint in its entirety because Plaintiff fails to state claims upon which relief can be granted. (Doc. No. 4).

## A. Failure to State a Claim

### 1. Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) assesses the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A complaint will survive a 12(b)(6) motion if there are "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). A claim is plausible on its face when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Federal Rule of Civil Procedure 8(a)(2) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Twombly, 550 U.S. at 555. When ruling on a defendant's motion to dismiss, a judge must accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56) (internal citations omitted). Conclusory allegations are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. Though a complaint does not require a high level of factual detail, it requires more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

---

[2] The Court notes that Plaintiff alleged violation of "Article 1 §§ 1 and 19" of the North Carolina Constitution in the heading of her allegation, but later raised "§§ 1, 14, and 19." (Doc. No. 1-2 pp. 14-15). The Court considers all three claims.

3

## 2. Negligent Infliction of Emotional Distress

Defendant argues Plaintiff's Negligent Infliction of Emotional Distress fails because Plaintiff has only alleged intentional acts. (Doc. No. 5 p. 7). To pursue this claim, Plaintiff must allege:

> (1) Defendant negligently engaged in conduct, (2) that was reasonably foreseeable that such conduct would cause the Plaintiff severe emotional distress (often referred to as "mental anguish"), and (3) the conduct did in fact cause the Plaintiff severe emotional distress.

Johnson v. Ruark Obstetrics and Gynecology Associates, P.A., 395 S.E.2d 85, 87 (N.C. 1990). Conduct that is "atrocious, and utterly intolerable in a civilized society" evidences negligent or intentional infliction of emotional distress. Ennett v. Cumberland County Bd. of Educ., 698 F.Supp.2d 557, 560 (E.D.N.C. 2010) (citing Wagoner v. Elkin City Schools' Bd. of Educ., 440 S.E.2d 119, 123 (N.C. Ct. App. 1994). Severe emotional distress is any emotional or mental disorder, such as neurosis, psychosis, chronic depression, phobia, or any other type of severe and disabling emotional or mental condition that professionals recognize and diagnose. Holloway v. Wachovia Bank & Trust Co., N.A., 452 S.E.2d 233, 243 (N.C. 1994) (quoting Ruark, 395 S.E.2d at 97.). In Wagoner, Elkin City School's Board of Education hired the plaintiff as a teacher, who was later assigned an In-School Suspension Coordinator position. Id. at 121. The plaintiff's supervisor placed her away from other faculty members in a room with high humidity and temperature, assigning her after-school and Saturday work hours, and preventing her from attending workshops in the area. Id. The court held such conduct was not sufficient to allege extreme and outrageous behavior but was rather indicative of mere insults. Id. at 124. In Ennett, the plaintiff alleged that her supervisor had given her a negative evaluation and asked her to retire, which was insufficient to allege severe emotional distress. 698 F.Supp.2d at 560-61. In the present case, Plaintiff has neither alleged any outrageous conduct nor alleged conduct that led to severe

4

emotional distress as required under applicable law. For that reason, Defendant's Motion to Dismiss is GRANTED with respect to Plaintiff's claim for Negligent Infliction of Emotional Distress.[3]

### 3. Tortious Interference With a Contract

Defendant argues Plaintiff's Tortious Interference with a Contract claim fails due to a lack of contract between herself and a third person. (Doc. No. 5 p. 8). To prevail here, Plaintiff must establish:

> (1) A valid contract between Plaintiff and a third person, which confers upon Plaintiff a contractual right against a third person, (2) Defendant knew of the contract, (3) Defendant intentionally induced the third person not to perform the contract, (4) Defendant acted without justification, (5) resulting in actual damage to Plaintiff.

Sellers v. Morton, 661 S.E.2d 915, 921 (N.C. Ct. App. 2008) (citing White v. Cross Sales & Eng'g Co., 629 S.E.2d 898, 901 (N.C. Ct. App. 2006)). Plaintiff alleges an oral contract exists with Defendant and that Defendant's management intentionally induced Defendant to terminate Plaintiff's employment. (Doc. No. 1-2 p. 13). These allegations, without more, are insufficient to show Plaintiff had a contract with a third person and Defendant Mecklenburg County interfered with her contract with another party. Put otherwise, Defendant cannot interfere with its own contract with Plaintiff. For that reason, Defendant's Motion to Dismiss is GRANTED to Plaintiff's claim of Tortious Interference With a Contract.

### 4. Negligent Supervision

Defendant argues Plaintiff's Negligent Supervision claim must be dismissed. (Doc. No. 5 p. 9). Negligent supervision has two elements: (1) that an incompetent employee committed a tortious act resulting in injury to the plaintiff; and (2) that prior to the act, the employer

---

[3] The Court notes that although it is dismissing this claim, the ruling is without prejudice to Plaintiff to present relevant evidence in establishing damages.

knew or had reason to know of the employee's incompetency. Smith v. First Union National Bank, 202 F.3d 234, 250 (4th Cir. 2000). In McLean v. Patten Communities, Inc., the Fourth Circuit affirmed lower court's holding that claims that were not actionable at common law could not form the basis of a negligent supervision or retention claim. 332 F.3d 714, 719 (4th Cir. 2003). The court in Jackson v. FKI Logistex dismissed plaintiff's negligent supervision claim as plaintiff had failed to allege common-law torts. 608 F.Supp.2d 705, 708-09 (E.D.N.C. 2009). Here, Plaintiff's common law claims do not survive Defendant's 12(b)(6) motion. As a result, Defendant's Motion to Dismiss is GRANTED to Plaintiff's Claim of Negligent Supervision.

5. **Plaintiff's remaining claims**

The Court has reviewed the remaining three claims and arguments regarding their dismissal in the briefs. In light of applicable law, the Court finds Plaintiff has sufficiently stated plausible claims against Defendant. For that reason, Defendant's Motion to Dismiss Plaintiff's Retaliation for Exercise of First Amendment Rights under 42 U.S.C. § 1983, N.C. Whistleblower Act, and N.C. Constitutional Rights Claims are DENIED WITHOUT PREJUDICE. Defendant may reassert any applicable arguments at summary judgment.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. No. 4) pursuant to 12(b)(6) of the Federal Rules of Civil Procedure is DENIED in part and GRANTED in part. As stated above, Plaintiff fails to allege sufficient facts to support her claims of Negligent Infliction of Emotional Distress, Tortious Interference with a Contract, and Negligent Supervision. The Court's ruling is without prejudice.

IT IS SO ORDERED

Signed: June 21, 2018

Frank D. Whitney
Chief United States District Judge