UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00167-FDW-DCK

| | | |
|---|---|---|
| NATALIE NICHOLSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | ORDER and NOTICE OF HEARING |
| MECKLENBURG COUNTY, | ) ) | |
| Defendant. | ) ) | |

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment, (Doc. No. 24), filed January 7, 2019.[1] Plaintiff responded in objection to the motion on January 28, 2019, and Defendant submitted a reply brief on February 4, 2019. This matter is now ripe for consideration. The Court finds that given the arguments of the parties and the proximity to trial, a hearing is not necessary and would not aid the Court in reaching its decision on this record. For the reasons below, the Court GRANTS IN PART and DENIES IN PART Defendant's motion.

In sum, Defendant moves for summary judgment on Plaintiff's remaining three causes of action: 1) claim for violation of 42 U.S.C. § 1983 based on allegations that during Plaintiff's employment with Defendant, she was retaliated against for exercising her free speech rights under the U.S. Constitution; (2) related claim for violation of the North Carolina Constitution based on allegations of free speech retaliation; and 3) claim for violation of the North Carolina Whistleblower Protection Act.

---

[1] The Court notes that in support of this motion, Defendant, with leave of Court (Doc. No. 26), filed both a sealed memorandum (Doc. No. 25) and an unsealed, redacted memorandum (Doc. No. 27). Notwithstanding, the Court sees no basis to seal this Order because it does not contain any of the information that formed the basis for the motion to seal or the Court's order granting that motion.

The Court first turns to Plaintiff's claims under the United States Constitution and the North Carolina Constitution.[2] After reviewing the pleadings, proffered evidence, and applicable law, the Court finds Plaintiff has made a sufficient, albeit minimal, evidentiary showing that a question of fact exists to resolve these claims. Moreover, Defendant has failed to demonstrate it is entitled to judgment as a matter of law on these claims. The law on these claims is well-settled:

> "Protection of the public interest in having debate on matters of public importance is at the heart of the First Amendment." McVey v. Stacy, 157 F.3d 271, 277 (4th Cir. 1998) (citing Pickering v. Bd. of Educ., 391 U.S. 563, 573, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968)).
>
> To resolve Plaintiff's appeal, we start by considering the First Amendment rights of public employees. Public employees do not "relinquish First Amendment rights to comment on matters of public interest by virtue of government employment." Connick, 461 U.S. at 140, 103 S.Ct. 1684. To the contrary, the Supreme Court has long recognized
>
>> that public employees are often the members of the community who are likely to have informed opinions as to the operations of their public employers, operations which are of substantial concern to the public. Were they not able to speak on these matters, the community would be deprived of informed opinions on important public issues.
>
> City of San Diego v. Roe, 543 U.S. 77, 82, 125 S.Ct. 521, 160 L.Ed.2d 410 (2004) (per curiam) (citing Pickering, 391 U.S. at 572, 88 S.Ct. 1731). To that end, the Supreme Court has repeatedly "underscored the 'considerable value' of 'encouraging, rather than inhibiting, speech by public employees. For government employees are often in the best position to know what ails the agencies for which they work.'" Hunter v. Town of Mocksville, 789 F.3d 389, 396 (4th Cir. 2015) (quoting Lane v. Franks, —— U.S. ——, 134 S.Ct. 2369, 2377, 189 L.Ed.2d 312 (2014)). As such, we do not take lightly "[o]ur responsibility ... to ensure that citizens are not deprived of fundamental rights by virtue of working for the government." Connick, 461 U.S. at 147, 103 S.Ct. 1684.

---

[2] "The standards for free speech retaliation claims under the state constitution are the same as those for free speech claims under the federal constitution." Penley v. McDowell Cty. Bd. of Educ., No. 114CV00170MOCDLH, 2016 WL 4435695, at *7 (W.D.N.C. Aug. 19, 2016), (quoting Sheaffer v. Cty. of Chatham, 337 F. Supp. 2d 709, 729 (M.D.N.C. 2004) (collecting cases); citing Munn-Goins v. Bd. of Trustees of Bladen Cmty. Coll., 658 F. Supp. 2d 713, 730 (E.D.N.C. 2009), aff'd, 393 Fed.Appx. 74 (4th Cir. 2010) ("The standards for free-speech claims under the North Carolina Constitution are substantially identical to those for free-speech claims under the federal constitution.")), aff'd, 876 F.3d 646 (4th Cir. 2017)

"That being said, precedent makes clear that courts must also consider 'the government's countervailing interest in controlling the operation of its workplaces.'" Hunter, 789 F.3d at 397 (quoting Lane, 134 S.Ct. at 2377). Just as there is a "public interest in having free and unhindered debate on matters of public importance," Pickering, 391 U.S. at 573, 88 S.Ct. 1731, "[t]he efficient functioning of government offices is a paramount public interest," Robinson v. Balog, 160 F.3d 183, 189 (4th Cir. 1998). Therefore, a public employee "by necessity must accept certain limitations on his or her freedom." Garcetti v. Ceballos, 547 U.S. 410, 418, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006). In particular, under the balancing test developed by the Supreme Court in Pickering and Connick, "the First Amendment does not protect public employees when their speech interests are outweighed by the government's interest in providing efficient and effective services to the public." Lawson v. Union Cty. Clerk of Court, 828 F.3d 239, 247 (4th Cir. 2016).

Regarding Plaintiff's retaliation claim, "a public employer contravenes a public employee's First Amendment rights when it discharges . . . '[the] employee . . . based on the exercise of' that employee's free speech rights." Ridpath v. Bd. of Governors Marshall Univ., 447 F.3d 292, 316 (4th Cir. 2006) (alteration in original) (quoting Suarez Corp. Indus. v. McGraw, 202 F.3d 676, 686 (4th Cir. 2000)). To state a claim under the First Amendment for retaliatory discharge, a plaintiff must satisfy the three-prong test set forth in McVey v. Stacy, 157 F.3d 271 (4th Cir. 1998). In particular, the plaintiff must show: (1) that he was a "public employee ... speaking as a citizen upon a matter of public concern [rather than] as an employee about a matter of personal interest;" (2) that his "interest in speaking upon the matter of public concern outweighed the government's interest in providing effective and efficient services to the public;" and (3) that his "speech was a substantial factor in the employer's termination decision." 157 F.3d at 277–78.

Grutzmacher v. Howard Cty., 851 F.3d 332, 341–42 (4th Cir.), cert. denied sub nom. Buker v. Howard Cty., Md., 138 S. Ct. 171, 199 L. Ed. 2d 42 (2017).

Whether the speech is protected by the First Amendment is a question of law for the Court, but whether it was a substantial factor in the employer's decision is a question of fact for a jury. Lane v. Anderson, 660 F. App'x 185, 191 (4th Cir. 2016). As an initial matter, the Court finds the evidence shows Plaintiff engaged in protected speech by speaking as a citizen on a matter of public concern. Plaintiff, a nurse licensed by the North Carolina Board of Nursing, had information on matters of public concern, including the handling and care of patient medical records, and notified various levels of management about her concerns related to patient medical records not properly

being stored or processed, potentially the detriment of the health and welfare of citizens. Defendant contends Plaintiff had other "motivations"—largely to complain about her personal conditions of employment—in expressing her concerns; however, the Court finds such argument unpersuasive here in light of the full record before the Court.

As to the other elements of these claims, a review of the parties' summary of evidence and facts make clear a ruling on summary judgment would require a determination as to credibility and weight of the evidence, which is not appropriate at this stage. Accordingly, summary judgment for Defendant on Plaintiff's free speech claims is denied. These claims shall be resolved by a jury during the Court's next trial term.

As to Plaintiff's third claim, the Court finds that Defendant is entitled to summary judgment on Plaintiff's claim for violation of the North Carolina Whistleblower Protection Act for the reasons stated in Defendant's Memorandum in Support of its Motion for Summary Judgment as to the applicability of the statute upon which Plaintiff seeks relief,[3] as well as its reply brief. (Docs. Nos. 25, 33.) Defendant submitted uncontroverted evidence to show Defendant County created a consolidated human services agency to carry out the functions of the local health department, the department of social services, and the area mental health authority. (Doc. No. 25-4.) Accordingly, as a matter of law, Plaintiff fails to qualify as a state employee or otherwise meet the statutory requirements to make the Act applicable to her. See N.C. Gen. Stat. Ann. § 126-5 ("An employee of a consolidated county human services agency created pursuant to G.S. 153A-77(b) is not considered an employee of an entity listed in this subdivision."); Johnson v. Forsyth County, 743

---

[3] This ruling expressly excludes the portion of Defendant's argument referenced in the initial memorandum in support of its motion, (Doc. No. 25), in the last two sentences of footnote 3 on page 18 regarding causation and the citation to the Hubbard v. N.C. State Univ., 789 S.E.2d 915, 918 (N.C. Ct. App. 2016). As noted above, the causation issue shall be determined by a jury in evaluating the two constitutional claims surviving summary judgment. The Court therefore does not incorporate by reference that portion of Defendant's argument.

S.E.2d 227, 229 (N.C. Ct. App. 2013). Plaintiff presents neither evidence nor sufficient argument and applicable law to rebut Defendant's evidence.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (Doc. No. 24) is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that the parties shall submit their Joint Pretrial Submissions as required under the Case Management Order (Doc. No. 9) in this case **no later than February 27, 2019**.

IT IS FURTHER ORDERED that trial in this matter shall be limited to a total of 7 hours per side for their presentation of evidence and argument to the jury, including opening statements, direct examination of the party's own witnesses, cross-examination of the opposing party's witnesses, and closing arguments. Jury selection, including voir dire of the jury, is excluded from the time limitation. Objections and sidebars are also excluded from the time limitation, unless the Court determines in its discretion during the course of trial to begin counting unnecessary sidebars against the party requesting them.

TAKE NOTICE that the Court will conduct a pre-trial conference on the morning of docket call, March 4, 2019, at 9:00 a.m. in Courtroom #1-1 of the Charles R. Jonas Federal Building, 401 W. Trade Street, Charlotte, North Carolina 28202.

IT IS SO ORDERED.

Signed: February 13, 2019

Frank D. Whitney
Chief United States District Judge